UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------x

BELLMER DOLLS, a Partnership,        :
PETER MAVROGEORGIS, ANTHONY MALAT,
and PETER SHEERIN,                   :

                  Plaintiffs,   :    09 Civ. 7020 (LMM)

            - v -               :    MEMORANDUM AND ORDER

ASIM SHAIKH aka ASIM GRABOWSKI-      :
SHAIKH, HUNGRY EYE RECORDS LLC,
PUBCO, DANIEL SKIBRA, and            :
JOHN DOES 1-5,
                                     :
                  Defendant.
                                     :
----------------------------------x

McKENNA, D.J.,

                          1.

        This action was commenced in the Supreme Court of the
State of New York, County of New York, by the filing of a summons
without a complaint on or about April 22, 2009.  A complaint was
filed on or about July 17, 2009.  On or about August 7, 2009,
defendants Grabowski-Shaikh (sued as "Shaikh") and Hungry Eye
Records, LLC ("Hungry Eye") removed the action to this district.
Pursuant to a stipulation between the parties, an amended verified
complaint ("Amended Complaint") (captioned in the state court
action) was filed on or about September 15, 2009.  Plaintiffs move
to remand.

        The ground for removal is that the Amended Complaint (as
well as the original complaint) alleges the violation of the United

States Copyright Act.[1]  Defendants claim that five of the alleged causes of action in the Amended Complaint -- the ninth, tenth, eleventh, twelfth and thirteenth[2] -- "are all effectively claims for copyright infringement and, therefore, are preempted by the Federal Copyright Act."  (Def. Mem. at 4.)

The allegations of the Amended Complaint principally relevant to the present motion are that in 2004-2005 plaintiffs wrote six songs, and recorded their performance of them on an extended play compact disc, that in January 2006 plaintiffs entered into a "Deal Memo" with Hungry Eye, that in September 2006 Hungry Eye registered copyright in the songs in its own name as the assignee of copyright (identifying plaintiffs as the author)[3], that the plaintiffs in February of 2008 terminated the "Deal Memo," that defendants have failed properly to account to plaintiffs, and that Hungry Eye mechanically reproduced and distributed plaintiffs' recorded compositions without authorization or payment of royalties.  Plaintiffs also wrote and recorded works in 2009 which, after the commencement of this action, defendants attempted to pre-register.

---

[1] It is not disputed that diversity jurisdiction is not available.

[2] The ninth cause of action is identified in the Amended Complaints one for "Unjust Enrichment," the tenth through thirteenth, as ones for "Conversion."

[3] A copy of the Certificate of Registration is annexed as Exhibit C to plaintiffs' reply memorandum.

Plaintiffs claim that defendants breached the Deal Memo, oral promises made to them, and the covenant of good faith and fair dealing.

They claim that defendants registered copyright in plaintiffs' works in 2006 by the misrepresentation to the Copyright Office that defendants had the right to do so.  Plaintiffs seek: damages for breach of contract, unjust enrichment, the violation of their right to privacy, and fraud; punitive damages; a declaratory judgment that the Deal Memo, if valid, was terminated; rescission of the publication portions of the Deal Memo; a direction that Shaikh take all necessary steps to remedy the fraudulent and inaccurate copyright registrations; and costs and attorneys' fees.

**2.**

Federal district courts have original and exclusive jurisdiction over civil actions "arising under" the Copyright Act. 28 U.S.C. § 1338(a).  "For an action to arise under [the Copyright Act], the plaintiff's well-pleaded complaint must establish either that the act creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of law under the act."  Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 303-04 (2d Cir. 2004) (citation omitted).

3

At times, a plaintiff may plead "state law claims . . . that could potentially be preempted by the Copyright Act."  Id. at 304.

> Preemption does not necessarily confer jurisdiction, since it is generally a defense to plaintiff's suit and, as such, it does not appear on the face of a well-pleaded complaint.  It is only when based on the doctrine of "complete preemption," that the preemptive force of federal law is so "extraordinary" that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.

Id. (citations omitted).

In Briarpatch, the Second Circuit, in light of Beneficial National Bank v. Anderson, 539 U.S. 1 (2003), concluded that district courts have jurisdiction over state law claims preempted by the Copyright Act.  373 F.3d at 305.

> The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106.  The first prong of this test is called the "subject matter requirement," and the second prong is called the "general scope requirement."

Id. (quoting Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 848 (2d Cir. 1997)) (other citations omitted).

"The subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of

4

copyrightable works."   <u>Id.</u>   The subject matter requirement is satisfied here because the works in question, musical compositions and sound recordings, are works of authorship fixed in a tangible medium of expression within categories of works that are copyrightable.  17 U.S.C. § 102(a)(2) & (7).

> The general scope requirement is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law.  In other words, the state law claim must involve acts of reproduction, adaptation, performance, distribution or display.
>
> Further, the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim.

<u>Briarpatch</u>, 373 F.3d at 305 (citations omitted).

### 3.

The ninth cause of action sounds in "Unjust Enrichment" (Am. Compl., Ninth Cause of Action).  There is no question but that some claims of unjust enrichment under New York law may be found to be preempted by the Copyright Act.  <u>See</u> <u>Briarpatch</u>, 373 F.3d at 306-07.  In <u>Briarpatch</u>, however, the Court of Appeals found that an element of the alleged claim of unjust enrichment -- the turning of a novel and a screenplay, both protected by copyright, into a motion picture -- "would, in and of itself, infringe the adaptation rights protected by [17 U.S.C.] § 106(2) (assuming those rights belong to plaintiffs)," so that the unjust enrichment claim was preempted.  <u>Id.</u> at 306.

The Amended Complaint, on the other hand, makes different allegations in the ninth cause of action, where it is alleged (after realleging the previous 256 paragraphs) that "[m]echanical licenses for previously unpublished compositions are not governed by the statutory rates for such mechanical reproductions as outlined in the Copyright Act" (Am. Compl. ¶ 258) and that, "[a]t the expense of the Plaintiffs, who have not been paid for such use, the Defendants benefited by not having to pay royalties for the mechanical reproduction of the compositions" (id. ¶ 259).[4]   The compulsory license scheme embodied in the provisions of 17 U.S.C. § 115 (summarized in ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 63 (2d Cir. 1996)) does not come into play until a phonorecord has been publicly distributed under authority of the copyright owner.  17 U.S.C. § 115(a)(1).  If plaintiffs did not distribute phonorecords of their works to the public and they were, as they claim to be, the copyright owner, defendants would not be entitled to the compulsory license of § 115(a); plaintiffs would need to obtain a license from plaintiffs.  See Jasper, where the Court of Appeals found jurisdiction under 28 U.S.C. § 1338 in a case brought to recover royalties on songs, not for that reason, but rather only because the case presented "the rare contract

---

[4] Historically, at least, "[l]icenses to duplicate [a] sound recording are generally termed 'mechanical licenses.'"  Harris v. Emus Records Corp., 734 F.2d 1329, 1331 n.1 (9th Cir. 1984); see also, Jasper v. Bovina Music, Inc., 314 F.3d 42, 44-45 n.1 (2d Cir. 2002) (quoting 6 Nimmer, Copyright, § 30.02[F] at 30-102 (2002)).

interpretation case that does present a substantial issue as to whether the contract qualifies as a [17 U.S.C.] section 204(a) writing." 314 F.3d at 47. There is no showing here that (or any other) provision of the Copyright Act will need to be construed, nor that, if any must be construed at all, the question will be a substantial one.

For the above reasons, the ninth cause of action is not preempted by the Copyright Act.

**4.**

The tenth through thirteenth, inclusive, causes of action all sound in conversion of the rights in the compositions and the sound recordings of the 2006 works and the compositions and the sound recordings of the 2009 works.

> [A]s Judge Friendly pointed out, the fact that a case concerns a copyright does not necessarily mean that it is within the jurisdiction of a federal district court. Specifically, if the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue, and, unless the complaint asserts a remedy expressly granted by the Copyright Act, federal jurisdiction is lacking, in the absence of diversity jurisdiction.

Jasper, 314 F.3d at 46 (citing T.B. Harms Co. v. Eliscu, 339 F.2d 823, 825-28 (2d Cir. 1964) (other citations omitted).

The tenth through thirteenth claims are disputes as to the ownership of copyrights, requiring the interpretation of the Deal Memo, its validity or not, whether it is to be rescinded or

not, and the establishment and interpretation of oral promises, but they present no substantial issue under the Copyright Act; the Amended Complaint does not assert any remedy expressly granted by the Copyright Act, but only remedies commonly available under state law.  Such claims fall within <u>Harms</u>.

For the above reasons, the tenth through thirteenth, inclusive, causes of action are not preempted by the Copyright Act.

**5.**

Plaintiffs' motion for remand is granted.  The Clerk will transmit the file in this case to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

Dated:  February /7, 2010

Lawrence M. McKenna
U.S.D.J.